1  MICHAEL W. MELENDEZ (SBN 125895)
   michael.melendez@kennedyslaw.com
2  KENNEDYS CMK LLP
   455 Market Street, Suite 1900
3  San Francisco, CA 94105
   T: (415) 323-4481
4  F: (415) 323-4445

5  Attorneys for Defendants
   GREENWICH INSURANCE COMPANY and
6  AXA XL INSURANCE COMPANY AMERICAS

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 MIKE SAHEGHIAN, MICHAEL           Case No. 2:25-cv-3390
   SAHEGHIAN, JOHN SAHEGHIAN,
12 individually and as Successors in Interest
   to MARIAM SAHEGHIAN, Deceased,
13 ESTATE OF MARIAM SAHEGHIAN,       **NOTICE OF REMOVAL OF**
                                      **DEFENDANTS GREENWICH**
14        Plaintiff,                  **INSURANCE COMPANY AND AXA**
                                      **XL INSURANCE COMPANY**
15    vs.                             **AMERICAS**

16 GREENWICH INSURANCE
   COMPANY; AXA XL INSURANCE
17 COMPANY AMERICAS, and Does 1 to
   100, inclusive,
18
          Defendant.
19

20

21        Defendants Greenwich Insurance Company (hereinafter "Greenwich") and AXA

22 XL Insurance Company Americas ("AXA XL") (collectively "Defendants"), by and

23 through its attorneys, Kennedys CMK LLP, hereby removes the above-captioned action

24 from the Superior Court of the State of California for the County of Los Angeles, Case

25 ID: 25STCCP01008, in which it was filed, to the United States District Court for the

26 Central District of California pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, and

27 in support thereof, avers as follows:

28

                                         1

## I.    NATURE OF THE ACTION

1. Plaintiffs Mike Saheghian, Michael Saheghian, and John Saheghian, individually and as Successors in Interest to Mariam Saheghian, deceased, and the estate of Mariam Saheghian, (collectively "Plaintiffs") commenced this action by filing a Complaint on March 14, 2025, with the Superior Court of the State of California for the County of Los Angeles entitled *Mike Saheghian, et al. v. Greenwich Insurance Company*, *et al.*, Docket No.: 25STCP01008 (the "Lawsuit"). A true and correct copy of the complaint in the Lawsuit (the "Complaint") is attached as **Exhibit "A"**.[1]

2. On March 20, 2025, Plaintiffs served Greenwich and AXA XL with the Complaint. True and correct copies of the Proofs of Service of Greenwich and AXA XL are attached as **Exhibit "B."**

3. No orders have been entered and no other process or pleadings have been served upon Greenwich or AXA XL in the Lawsuit.

4. Plaintiffs allege that on May 24, 2024, they commenced a lawsuit against Pacific Coast Sightseeing Tours & Charters ("Pacific Coast"), Coach USA ("Coach"), Coach Leasing, Inc. ("Coach Leasing"), Hector Fajardo, Abigail Arias, and Philanthropic Concepts, Inc. in the Superior Court of the State of California, County of Los Angeles, Case ID: 25STCV17066 (the "Underlying Lawsuit"), seeking damages in connection with a motor vehicle accident that took place on September 29, 2021, wherein Mariam Saheghian was killed. *See* Complaint, Ex. A, ¶¶ 7-8.

5. Plaintiffs allege that on February 23, 2024, Coach, Pacific Coast, and Hector Fajardo agreed to settle the Underlying Lawsuit for $10 million (the "Settlement"). *See id.* at ¶ 9.

---

[1] By referring to the allegations in the Complaint, Greenwich does not admit or acknowledge the truth thereof.

6. Plaintiffs allege that the "first $5 million payment was timely made by the secondary layer of insurance coverage" but that the "second $5 million payment – by the primary layer of insurance coverage – was never made." *See id.* at ¶ 9.

7. Plaintiffs allege that on January 15, 2025, a judgment was entered against Coach, Pacific Coast, and Hector Fajardo in the Underlying Lawsuit in the amount of $5,198,629.70. *See id.* at ¶ 11.

8. Plaintiffs allege that Coach and Pacific Coast "entered into a written contract of insurance (Policy #RAD943765208)[2] with [Greenwich], [AXA XL], and Does 1-100…which provided $5 million in primary insurance benefits for liability/personal injury claims awarded against them." *See id.* at ¶ 12.

9. Plaintiffs allege that the Greenwich Policy provided insurance coverage to Coach and Pacific Coast for the commercial bus operated by Hector Fajardo at the time of the accident that killed Miriam Saheghian and that Greenwich and AXA XL are "legally obligated to pay $5,000,000 towards the final judgment against [Coach], [Pacific Coast], and Fajardo." *See id.* at ¶¶ 16-17.

10. Plaintiffs assert two causes of action against the Defendants in the Lawsuit: Count I – Action to Enforce Civil Judgment under Insurance Code §11580; and Count II - Breach of an Insurance Contract and Covenant of Good Faith and Fair Dealing. *See id.* at ¶¶ 23-38.

11. Plaintiffs seek the sum of $5,198,629.70, along with costs of suit, attorneys' fees, interest damages. *See id.* at ¶ 38.

## II. THE DISTRICT COURT HAS JURISDICTION OVER THIS MATTER UNDER 28 U.S.C. § 1332(A)(1)

12. Pursuant to 28 U.S.C. § 1441(a), a state court action over which a District Court of the United States would possess original jurisdiction may be removed to the

---

[2] We will refer to this insurance policy as the "Greenwich Policy."

District Court for the district and division embracing the place where the state court action is pending.

13. Federal district courts have original jurisdiction over civil actions where the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1).

14. The requirements of Section 1332(a)(1) are met with regard to this Lawsuit because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

### A. There is Complete Diversity of Citizenship Between the Parties

15. A District Court shall have original jurisdiction over a proceeding between citizens of different states. 28 U.S.C. § 1332(a)(1).

16. Federal jurisdiction exercised pursuant to diversity of citizenship requires that each plaintiff be of a different citizenship from every defendant. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).

17. A corporation is deemed a citizen of the state in which it is incorporated and the state where it maintains its principal place of business for purposes of establishing diversity of citizenship. 28 U.S.C. § 1332(c)(1).

18. An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1019 (C.D. Cali. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).

19. After reasonable investigation and upon information and belief, Plaintiff Mike Saheghian is a citizen of California.

20. After reasonable investigation and upon information and belief, Plaintiff Michael Saheghian is a citizen of California.

21. After reasonable investigation and upon information and belief, Plaintiff John Saheghian is a citizen of California.

22. The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent. *See* 28 U.S.C. § 1332(c)(2). After reasonable investigation and upon information and belief, decedent Mariam Saheghian was a citizen of California.

23. Greenwich is a corporation organized under the laws of the state of Delaware with its principal place of business in Connecticut. Consequently, Greenwich is a citizen of Delaware and Connecticut. *See* 28 U.S.C. § 1332(c)(1).

24. AXA XL is a corporation organized under the laws of the state of Delaware with its principal place of business in Connecticut. Consequently, AXA XL is a citizen of Delaware and Connecticut. *See* 28 U.S.C. § 1332(c)(1).

25. Does 1 through 100 are fictious entities under 28 U.S.C. § 1441(b)(1). The citizenship of a fictitious defendant is irrelevant for removal purposes. See 28 U.S.C. § 1441(b)(1); *see also Soliman v. Philip Morris*, 311 F.3d 966, 971 (9th Cir. 2002) (holding that the citizenship of unknown Doe defendants is disregarded for removal purposes); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 2002) (same).

26. Because Plaintiffs are citizens of California and Defendants are citizens of Delaware and Connecticut, complete diversity of citizenship exists between Plaintiffs and Defendants within the meaning of 28 U.S.C. § 1332.

**B.  The Amount in Controversy Exceeds $75,000**

27. A District Court shall have original jurisdiction based on diversity jurisdiction over a proceeding where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

28. The amount in controversy is generally determined from the complaint itself. *See Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246 (C.D. Cal. 2012).

29. In the Complaint, Plaintiffs seek monetary damages in the amount of $5,198,629.70. *See* Complaint, Ex A., ¶¶ 17-30.

30. Based on these allegations, the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs, established by 28 U.S.C. § 1332(a).

31. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III. REMOVAL TO THIS COURT IS PROPER

32. For the reasons set forth above, this Court has subject matter jurisdiction over the Lawsuit under 28 U.S.C. § 1332(a)(1).

33. Venue is proper before this Court pursuant to 28 U.S.C. § 1441(a) because this is the district court for the district and division embracing the place where the Lawsuit is pending, which is the Superior Court of the State of California for the County of Los Angeles.

34. Plaintiffs are citizens of California and Defendants are citizens of Delaware and Connecticut. Therefore there is complete diversity of citizenship, and 28 U.S.C. § 1441(b)(2) does not preclude removal of the Lawsuit.

35. The Lawsuit is not among the classes of cases that are not subject to removal pursuant to 28 U.S.C. § 1445.

36. Accordingly, for the reasons set forth above, this Court has the authority to exercise jurisdiction over this matter by virtue of 28 U.S.C. § 1332, *et seq.* and 28 U.S.C. § 1441, *et seq.*

37. This Notice of Removal is filed with this Court within the requisite thirty (30) days after service of the summons and Complaint upon Defendants, pursuant to 28 U.S.C. 1446(b), because Defendants were served with process on March 20, 2025 and this Notice of Removal is filed on April 17, 2025.

38. Promptly after filing this Notice of Removal, Defendants will provide written notice of the removal to Plaintiffs and will file a copy of the Notice of Removal with the Superior Court of the State of California for the County of Los Angeles.

39. Nothing in Defendants' Notice of Removal shall be interpreted as a waiver or relinquishment of their right to assert any defense or affirmative matter or an admission to any of the allegations made in the Complaint.

**WHEREFORE**, Defendants Greenwich Insurance Company and AXA XL Insurance Company Americas hereby removes the action captioned as *Mike Saheghian, et al. v. Greenwich Insurance Company*, *at al*., Case ID: 25STCP01008, filed with the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California.

DATED:  April 17, 2025    KENNEDYS CMK LLP

By: */s/ Michael Melendez*
MICHAEL MELENDEZ
Attorneys for Defendants
GREENWICH INSURANCE COMPANY and
AXA XL INSURANCE COMPANY AMERICAS